**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ANNA PINNEY,

        Plaintiff,

v.

                                  Case No. 8:25-cv-01478-MSS-NHA

EXPERIAN INORMATION
SOLUTIONS, INC., TRANSUNION
LLC, and EQUIFAX INFORMATION
SERVICES LLC,

        Defendants.

_____/

**DEFENDANT TRANS UNION LLC'S MOTION FOR**
**SUMMARY JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT**

      COMES NOW Defendant Trans Union LLC ("Trans Union") and hereby moves for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 on all claims asserted by Plaintiff Anna Pinney ("Plaintiff") against Trans Union and would respectfully show the Court the following:

## I.  <u>INTRODUCTION</u>

      In her Complaint, Plaintiff specifically alleges that she requested a copy of her Trans Union consumer file disclosure on February 10, 2025, and that in response Plaintiff did not receive the requested disclosure. *See* Compl. ¶¶ 14-15, ECF No. 1 at 3-4. As a result, Plaintiff claims that Trans Union violated § 1681g of the Fair Credit Reporting Act ("FCRA"). *See Id.* at ¶¶ 29-32. However, Plaintiff

8554963.19

did not request a disclosure from Trans Union in February 2025, and therefore her entire claim under 15 U.S.C. § 1681g fails as a matter of law.

Curiously, Plaintiff knows how to request a copy of her Trans Union consumer file disclosure and did so on multiple occasions. However, in this instance, she used questionable emails addresses that she allegedly found via a Google search. In January 2025, Plaintiff submitted a consumer file disclosure request to Trans Union via telephone. *See* Donald Wagner Decl. ¶ 5 (Ex. A). Trans Union received the request, verified identity pursuant to § 1681h, and mailed the disclosure to Plaintiff. *See Id.* at ¶¶ 6-7. In February 2025, Trans Union did not receive a disclosure request from Plaintiff. *See Id.* at ¶ 8. Inexplicably, Plaintiff emailed two former Trans Union employees at non-monitored addresses, and Trans Union's records show no receipt of a disclosure request from Plaintiff. *See Id.* at ¶¶ 9-12. In March 2025, Plaintiff again submitted a consumer file disclosure request via telephone. *See Id.* at ¶ 15. In response to Plaintiff's March 2025 telephone request, a letter was mailed to Plaintiff requesting proof and verification of her current address. *See Id.* at ¶ 17. Plaintiff failed to verify her address and because of that a disclosure was not sent.[1] *See Id.*; *see also* TU_52-53 (Ex. A-2). This pattern

---

[1] In Plaintiff's deposition, she testified that her current address is P.O. Box 3161, Brandon, Florida 33509. *See* Pl. Depo. 6:11 (Ex. B). When asked about her place of residence, Plaintiff replied, "I don't really have a residence per se." *See* Pl. Depo. 6:13-14.

2

shows that Plaintiff knew how to request a consumer file disclosure and that in February 2025, no request was received, so no duty arose.

These undisputed facts demonstrate that Plaintiff knew how to submit a consumer file disclosure request and the February 2025 emails cannot establish liability because Trans Union never received them. Because no reasonable jury could find a violation on this record, the Court should grant summary judgment in Trans Union's favor as a matter of law.

## II. <u>STATEMENT OF MATERIAL FACTS</u>

1. Plaintiff submitted a request for her Trans Union consumer file disclosure in January 2025 via telephone. *See* Donald Wagner Decl. ¶ 5.

2. In response to the January 2025 request, and after Plaintiff passed the verification process, Trans Union generated and mailed Plaintiff a copy of her Trans Union consumer file disclosure. *See* Donald Wagner Decl. ¶ 7; *see* TU_03-18 (Ex. A-1).

3. In February 2025, Trans Union did not receive a request from Plaintiff for her Trans Union consumer file disclosure. *See* Donald Wagner Decl. ¶ 8.

4. Instead, the email Plaintiff purports to have sent was to two individuals who were former employees and who, at that time, no longer worked for or had any affiliation with Trans Union. *See* Donald Wagner Decl. ¶ 9; *see* Pl. Depo. 16:1-8; *see* Pl. Depo. 55:14-22; *see* Ex. C (documents produced by Plaintiff during discovery without Bates numbers or identifying RFP).

5. Plaintiff sent the above-referenced correspondence to the following email addresses: dmccrar@transunion.com and david.neenan@transunion.com. While David McCray was employed at Trans Union, he used the dmccrar@transunion.com address. David McCray has not been employed by Trans Union since July 19, 2022. While David Neenan was employed at Trans Union, he used the david.neenan@transunion.com address. David Neenan has not been employed by Trans Union since January 7, 2022. Neither of these email accounts have been valid since the respective end-of-

8554963.19

employment dates. *See* Donald Wagner Decl. ¶ 10; *see also* Pl. Depo. 16:1-13.

6.  Because Plaintiff sent the purported email to invalid addresses, Trans Union never received Plaintiff's February 2025 email and never had notice of the alleged request. *See* Donald Wagner Decl. ¶¶ 10-14.

7.  Trans Union never received Plaintiff's February 2025 emails and never obtained notice of the purported request. *See Id.* at ¶ 12.

8.  Trans Union's internal records reflect no consumer file disclosure request from Plaintiff in February 2025. *See Id.* at ¶ 13.

9.  In March 2025, Plaintiff again submitted a request for her Trans Union consumer file disclosure via telephone. *See Id.* at ¶ 15.

10. In response to Plaintiff's March 2025 telephone request, a letter was mailed to Plaintiff requesting proof and verification of her current address. Plaintiff failed to verify her address and because of that a disclosure was not sent. *See* Donald Wagner Decl. ¶ 17; *see* TU_52-53 (Ex. A-2).

### III. APPLICABLE LEGAL STANDARD

Under Rule 56(a) of the Federal Rules of Civil Procedure, a court shall grant summary judgment on a claim or defense if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Summary judgment is appropriate when the record shows that there is no genuine dispute as to any material fact. FED. R. CIV. P. 56(a), (c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–325 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movant meets its summary judgment burden by "pointing out to the district

4

court[] that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. 317 at 325.

Once the movant has met its burden, the non-movant must come forward with competent evidence establishing a genuine dispute of material facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585 (1986). To defeat a properly supported motion for summary judgment, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. Whether a fact is material is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* In carrying this burden, "[a] mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citation omitted). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S.

8554963.19

at 586. Absent that requisite showing, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

## IV. ARGUMENT AND AUTHORITIES

A.  **Section 1681g Creates a Duty to Disclose Only When the Consumer Makes a Request to a CRA That Is Received and Verified.**

"To establish a claim under section 1681g, a plaintiff must provide sufficient evidence to show that: (1) *the plaintiff requested a copy of his consumer disclosure*; (2) the defendant failed to provide the plaintiff with the information in his credit file; (3) the plaintiff suffered actual damages; and (4) the plaintiff's damages were caused by the defendant's failure to disclose the information." *Bell-Loffredo v. Equifax Info. Servs., LLC*, No. 2:21-CV-03637-CBM-EX, 2022 WL 16894504, at *2 (C.D. Cal. Oct. 6, 2022) (emphasis added); *see TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2200-01 (2021); 15 U.S.C. § 1681g.

Section 1681g requires a consumer reporting agency ("CRA") to provide a copy of the consumer's file "upon request" by the consumer. 15 U.S.C. § 1681g(a). Congress did not impose a standing obligation to send disclosures in the absence of a request; it expressly conditioned the duty on the consumer's act of requesting the file. The ordinary meaning of "upon request" is that the duty arises by, and is contingent on, a request made to and received by the entity required to respond. "Indeed, § 1681g imposes a specific disclosure obligation *only when a consumer follows the statutory procedure* for requesting their file." *Tiakoh v. Experian Info.*

8554963.19

*Sols.*, Inc., No. 8:25-CV-01706-WFJ-AEP, 2026 WL 295210, at *4 (M.D. Fla. Feb. 4, 2026) (emphasis added).

Congress paired § 1681g with § 1681h's verification and statutorily based-method provisions. A CRA "shall require, as a condition of making the disclosures required under section 1681g of this title, that the consumer furnish proper identification." 15 U.S.C. § 1681h(a)(1). Section 1681h(b) statutorily governs the method by which consumers request disclosures. Specifically, § 1681h(b)(1) states that "a consumer reporting agency may make the disclosures required under 1681g of this title . . . in such form as may be . . . available from the agency." Section 1681h(b)(2) describes the various forms available from the agency: "in person, upon the appearance of the consumer at the place of business of the consumer reporting agency where disclosures are regularly provided, during normal business hours, and on reasonable notice; by telephone, if the consumer has made a written request for disclosure by telephone; by electronic means, if available from the agency; or by any other reasonable means that is available from the agency." Review of § 1681h confirms that Congress designed a process in which a consumer submits a request through a statutorily governed method, a CRA confirms the consumer's identity, and a CRA must thereafter provide the file.

Thus, the statute creates a conditional obligation, not a general one: § 1681g obligates a CRA to disclose a file "only when a consumer follows the statutory

7

procedure" and the consumer's request is actually received and capable of verification under § 1681h. *See Tiakoh*, 2026 WL 295210, at \*4. Imposing liability for a request Trans Union never received, could not authenticate, and could not process would rewrite the FCRA to convert a conditional duty into an impossible, generalized obligation to monitor non-designated, non-monitored, and inactive email addresses, which the statute does not require. This Court should hold that only received and verifiable requests trigger a CRA's duty to disclose and should not expand § 1681g and § 1681h by judicially creating an extra-textual obligation that Congress did not authorize.

B. **No-Evidence Summary Judgment Is Warranted Because Plaintiff Lacks Evidence of a Received, Verifiable, § 1681g Requests in February, and the Record Confirms No Duty Was Triggered.**

Trans Union is entitled to summary judgment because Plaintiff lacks evidence of an essential element of her § 1681g claim, primarily that Plaintiff lacks evidence that Trans Union received a consumer file disclosure request in February 2025. *See* Fed. R. Civ. P. 56(a), 56(c)(1).

Trans Union satisfied its initial Fed. R. Civ. P. 56 burden by showing that no admissible evidence demonstrated that a February 2025 request was received. Trans Union's records reflect no request from Plaintiff in February 2025. *See* Donald Wagner Decl. ¶¶ 8-14. The communication Plaintiff relies on is an email she sent to former employees at inactive or non-monitored email addresses. *See*

8554963.19

Donald Wagner Decl. ¶¶ 9-10; *see also* Ex. C (documents produced by Plaintiff during discovery without Bates numbers or identifying RFP). Plaintiff admits to obtaining these two non-designated, inactive, non-monitored email addresses via a Google search. Pl. Depo. 16:9-13; Pl. Depo. 16:8; Pl. Depo. 55:14-22. When Plaintiff sent the above-referenced email, the two people that Plaintiff emailed no longer worked at Trans Union and had not worked at Trans Union since 2022. *See* Donald Wagner Decl. ¶¶ 10-11. On this record, there is no evidence of actual receipt by Trans Union and therefore no means by which Trans Union could have conducted verification pursuant to § 1681h. Having identified that evidentiary gap, the burden shifts to Plaintiff. *Celotex,* 477 U.S. at 333.

Plaintiff cannot create a genuine dispute by speculating on a copy of an email not received by Trans Union, or with conjecture about what she believed might happen when attempting to request her consumer file disclosure. *See* Fed. R. Civ. P. 56(c)(1); *see also Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005) ("Speculation does not create a genuine issue of fact; instead, it creates a false issue, the demolition of which is a primary goal of summary judgment."). When Plaintiff was asked why the email was sent to an address found via Google, Plaintiff testified that the decision was based on the belief that "you're either put on hold or the information that you request is not being provided." Pl. Depo. 17:13-17. This statement does not describe any refusal by Trans Union to provide a

8554963.19

consumer file disclosure. Instead, Plaintiff speculates what she believed might occur if she attempted to obtain the consumer file disclosure via telephone. *See Id.* Plaintiff's statement that a caller may sometimes be placed on hold reflects a general belief about possible outcomes, not evidence based on personal knowledge. Speculation about potential inconvenience or dissatisfaction cannot substitute for evidence of an actual statutory violation and therefore cannot create a triable issue of fact. Speculation cannot, as a matter of law, create a genuine dispute of material facts. *See Cordoba*, 419 F.3d at 1181.

Because § 1681g's obligation is conditional and arises "only when a consumer follows the statutory procedure for requesting their file," the absence of a received request in February 2025 is dispositive. *See Tiakoh*, 2026 WL 295210, at *4; 15 U.S.C. § 1681g; 15 U.S.C. § 1681h. On this record, no statutory duty arose in February 2025, while the January and March contacts confirm Plaintiff knew how to trigger § 1681g's obligation. Plaintiff offers no admissible evidence to the contrary. Therefore, the Court should enter summary judgment for Trans Union.

### C. <u>**Because Plaintiff Cannot Prove Causation, Damages, or Willfulness, Summary Judgment Is Required.**</u>

Under the FCRA, a plaintiff may seek actual damages for negligent noncompliance, 15 U.S.C. § 1681o, and actual or statutory damages for willful noncompliance, 15 U.S.C. § 1681n. Plaintiff alleges that she was denied credit

10

opportunities because she did not receive and could not review her consumer report in February 2025. *See* Compl. ¶ 27, ECF No. 1, at 6. The record forecloses that theory as Plaintiff identifies no damage traceable to the alleged non-disclosure.

To the extent Plaintiff suggests her lenders' decisions might have been different had she received her § 1681g disclosure in February 2025, that is speculation. *See Cordoba*, 419 F.3d at 1181. Plaintiff's claim under § 1681g fails as a matter of law because she has offered no evidence that Trans Union failed to deliver her consumer file disclosure *upon request*. Absent such a request, no statutory obligation is triggered.

Because Plaintiff never made a § 1681g request, there can be no violation, and consequently no actual damages under § 1681o or § 1681n. Plaintiff's attempt to assert damages premised on a duty that was never invoked is therefore insufficient as a matter of law. On this record, there is no triable evidence of causation, no evidence of any damage, and no basis for negligence or willfulness. Summary judgment should be granted.

## V. CONCLUSION

For the foregoing reasons, Trans Union respectfully requests this Court grant its Motion for Summary Judgment on all of Plaintiff's claims asserted against Trans Union.

8554963.19

Respectfully submitted,

*/s/ Sean Moloney*

Sean Moloney
Florida Bar No. 0638356
smoloney@qslwm.com
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
5801 Tennyson Parkway, Suite 440
Plano, Texas 75024
(214) 560-5442
Fax: (214) 871-2111
***Counsel for Trans Union LLC***

8554963.19

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 6th day of March 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

I further certify that I have mailed by United States Postal Service the above and foregoing document to the following:

Anna Pinney
4733 Dunquin Place
Tampa, FL 33610-9101
(813) 748-5681
*Pro Se Plaintiff*


*/s/ Sean Moloney*
**SEAN MOLONEY**

8554963.19